John ROBINSON and Julia M. Robinson, Appellants (Plaintiffs below),

v.

Joyce SHOUMAKER, Appellee (Defendant below).

No. 3495.

Supreme Court of Wyoming.

Oct. 11, 1966.

Leonard E. Lang, Casper, for appellants.

Robert R. Wilson, of Lonabaugh & Lonabaugh, Sheridan, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiffs brought their action against the defendant seeking money recovery for injuries suffered by Mrs. Julia M. Robinson and damages to an automobile owned by John Robinson sustained from a motor vehicle collision allegedly caused by defendant's negligence. Trial to a jury resulted in a verdict for the defendant, followed by judgment of the court upon that verdict, and plaintiffs appeal claiming the verdict is not sustained by sufficient evidence and is contrary to law; that the trial court erred in refusing to give an instruction to the jury offered by plaintiffs, in giving another instruction, and in overruling plaintiffs' motion in favor of plaintiff John Robinson for directed verdict.

In the light most favorable to appellee, the evidence shows clearly that the defendant was driving toward the east on a street in Buffalo, Wyoming; that as she approached its intersection with a north-south street, where the collision occurred, she slowed down from a speed of 25 miles per hour to a speed of 12 to 15 miles per hour; that she looked first to her left toward the north of the intersecting street, then to the right toward the south and, seeing no traffic, entered the intersection turning to her left; that she again looked north to her left and for the first time saw the station wagon driven by plaintiff approaching the intersection from the north, traveling south, at a very fast speed and

about to enter the intersection; and that she then applied her brakes skidding 22 feet to a point seven and one-half feet north and one foot east of the center of the intersection at which point the right front of her car collided with the right rear of the station wagon driven by plaintiff. Following the collision, defendant's car was flipped around and came to a stop, while the vehicle driven by plaintiff continued its forward travel for some 60 feet, then turned around until its front end faced north, but continued backward onto the lawn adjoining the street on the east where it came to a stop on the lawn some 91 feet from the point of the collision.

From this evidence the jury was entitled to conclude that the defendant had her car under control; that she cautiously approached and entered the intersection only after finding there was no oncoming traffic, but, while in the intersection and upon discovering the Robinson vehicle approaching at a high rate of speed from the north where it had not been a brief moment before, she applied her brake succeeding in bringing her car practically to a stop before it collided with the Robinson station wagon and came to a complete stop some 22 feet inside and one foot past the center of the intersection. The jury was also entitled to conclude that the Robinson station wagon was being driven at so great a speed that it could not have been seen by the defendant when she looked as she entered the intersection, her vision being partially obstructed by large trees on the property adjoining the intersection to the northwest, as the evidence shows the Robinson vehicle continued on after the impact for a distance of some 60 feet, then turned halfway around, left the street, and kept on going backward until it finally stopped off the street and 91 feet south of the point where the collision occurred. The jury had one other item of evidence bearing upon the nature of plaintiff's operation of the automobile she was driving. Immediately after the accident she stated she "was late for work," and "Oh, dear, I'm late for work

already," both of which statements the jury could logically have concluded explained the high rate of speed at which she was driving according to the testimonies of the defendant and the passenger in defendant's car.

The instruction offered by plaintiffs and refused by the court would have told the jury that a person who was exercising ordinary care has the right to assume other persons would perform their duty and obey the law in the absence of reasonable cause for thinking otherwise and that it is not negligence for a person to assume he is not exposed to danger which can come only from some other person's violation of law or duty.

■ As there was no evidence that any other person had violated any duty or law, the instruction was properly refused.

Counsel seems to think § 31–120(c), W.S. 1957, imposed a duty upon defendant which was violated. As amended, its applicable portion reads as follows:

"The driver of a vehicle approaching a yield sign shall slow down to a speed reasonable for the existing conditions and shall yield the right of way to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard during the time such driver is moving across or within the intersection. * * *"

The controlling evidence is that while there was a "yield" sign which defendant was required to observe, she complied with the requirement of the law, but that, due to plaintiff's fault, the caution with which she operated her automobile was of no avail.

■ Appellants' complaint that an instruction given by the court "unduly emphasized" the duty of the party with the "'technical right of way,' to exercise care in avoiding injury to others, and had the effect of a directed verdict in favor of the defendant by suggesting that there was a point where the plaintiff did not have the right of way, for which there are no evi-

dentiary facts in the case at bar" is devoid of merit as it assumes a lack of evidence which evidence was in fact present in the case. The instruction is as follows:

> "You are instructed that with respect to the issue of the negligence of a party in failing to yield the right-of-way, such right-of-way is not absolute, and that you must take into consideration not only the question of who had the technical right-of-way but also the distance of the various vehicles from the intersection, their respective speeds and other prevailing traffic conditions. You are instructed further that the fact that one party has the technical right-of-way does not excuse him or her from the exercise of ordinary care to avoid injuring others."

Where, as here, the evidence shows proper care was taken before and at the time the intersection was entered by the defendant, the ordinary right of way which inured to traffic on the non-yield street became qualified, and plaintiff was not excused from exercising ordinary care and thereby imperiling others who were proceeding with caution.

 Appellants' final ground for appeal is that plaintiffs' motion for directed verdict in favor of plaintiff John Robinson, awarding him damages for injury to his car which had been driven by his wife Julia, was denied. The fact that the amount of damage was stipulated to be $420 was immaterial. The right to judgment in any amount was dependent upon the damage being caused by the negligent act of the defendant. As the jury found there was no such fault on defendant's part, and we find the evidence is sufficient to support that finding, this claim of error is without merit.

From what has been said, the appeal is fruitless and the verdict and judgment below are affirmed.

Affirmed.